IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA ANNETTE FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1286-O |
| | § | |
| HON. SAM A. LINDSAY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before this Court is the defendant United States District Judge Sam A. Lindsay's ("Judge Lindsay") motion to dismiss (doc. # 11), filed August 31, 2007. No response has been filed. For the reasons stated herein, the motion is GRANTED.

I.

On May 18, 2007, the plaintiff, Gloria Annette Ford ("Ford"), brought a suit against Judge Lindsay, the Texas Workforce Commission, and the Medical Center of Mesquite in County Court at Law No. 1, Dallas County, Texas, Cause No. CC-07-07659-A. On July 20, 2007, Judge Lindsay removed this case to this Court pursuant to Title 28 U.S.C §§ 1442(a) and 1446(a). Ford was also the plaintiff in another action, *Ford v. Medical Center of Mesquite*, No. 3:07-CV-0678-L, which was pending before Judge Lindsay and dismissed without prejudice on October, 2, 2007. In Ford's complaint in this case, she appears to be alleging that Judge Lindsay mishandled that case by labeling her a *pro se* litigant, and as a result, she has been coerced to practice law without a license and subjected to a foreign jurisdiction. *See* Pl.'s Compl. at ¶ 12.

II.

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of

facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). The movant cannot easily prevail because the law does not favor motions to dismiss. *Mahone v. Addicts Util. Dist.*, 836 F.2d 921, 926 (5th Cir. 1988). When considering motions to dismiss, the court accepts as true the factual allegations pleaded by the non-moving party and any reasonable inferences that the Court can draw from the factual allegations. *Sw. Airlines Co. v. Farechase, Inc.*, 318 F. Supp. 2d 435, 437 (N.D. Tex. 2004) (Sanders, J.) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994)). The non-moving party "must plead specific facts, not mere conclusory allegations" to survive a motion to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). *See also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Accordingly, for the purposes of our review of the judgment of dismissal, we accept as true that the bonds were redeemed without premium for the purpose of refunding the bonds at an interest rate lower than 0.07 percent. We do not, however, accept Associated Builders' conclusory allegation that the prospectus was materially misleading. Conclusory allegations and unwarranted deductions of fact are not admitted as true . . . .").

Since Ford is proceeding *pro se*, the Court must construe her allegations liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). The Court has an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75.

III.

Judge Lindsay contends that Ford's claims against him should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because he is entitled to absolute judicial immunity. Def.'s

2

Mot. at 2.

"Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) (citing *Graves v. Hampton*, 1 F. 3d 315, 317 (5th Cir. 1993)). Judicial immunity "'applies even when the judge is accused of acting maliciously and corruptly . . . .'" *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). *See also Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989) ("It is well established that judges are absolutely immune from liability for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive."). "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco*, 502 U.S. at 10 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1872)).

"'[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Mireles v. Waco*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); citing *Forrester v. White*, 484 U.S. 219, 227-229 (1988)). In this matter, Ford's allegations against Judge Lindsay relate to his handling of her case in *Ford v. Medical Center of Mesquite*, No. 3:07-CV-0678-L. *See* Pl.'s Compl. at ¶ 12. Specifically, Ford objects to Judge Lindsay labeling her a *pro se* litigant in that case. *Id.* Hence, the conduct that Ford alleges Judge Lindsay committed is clearly one that was performed in the exercise of his judicial function. Therefore, Ford's claims against Judge Lindsay are dismissed

3

because she has failed to state a claim for which relief can be granted.  *See* FED. R. CIV. 12(b)(6).

IV.

For the reasons stated above, Judge Lindsay's motion to dismiss (doc. # 11) is GRANTED. Therefore, Ford's claims against Judge Lindsay are DISMISSED WITH PREJUDICE.

SO ORDERED.  This 29th day of February, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**