IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GLORIA ANNETTE FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1286-O |
| | § | |
| HON. SAM A. LINDSAY, et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION & ORDER

Before this Court is "Notice of Non-Suit of Judge Sam. A. Lindsay and Motion to Remand Back to State Court" (doc. # 12), filed on September 4, 2007 by the plaintiff, Gloria Annette Ford ("Ford"). For the reasons stated herein, the motion to remand is GRANTED.

I.

On May 18, 2007, Ford brought a suit against Judge Lindsay, the Texas Workforce Commission, and the Medical Center of Mesquite in County Court at Law No. 1, Dallas County, Texas, Cause No. CC-07-07659-A. On July 20, 2007, Judge Lindsay removed this case to this Court pursuant to 28 U.S.C §§ 1442(a) and 1446(a). *See* Notice of Removal at 1. Ford appears to be alleging that she is entitled to sick leave and vacation pay from the Medical Center of Mesquite under the Texas Payday Law and that the Texas Workforce Commission improperly denied Ford's request for unemployment benefits in violation of the Texas Unemployment Compensation Act.[1] *See* Pl.'s Compl. at ¶¶ 1-11; TEX. LAB. CODE ANN. §§ 61.001 *et seq.*, 201.001 & 212.201 (Vernon

---

1. Since Ford is proceeding *pro se*, the Court construes her allegations liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993). Courts have an obligation to construe *pro se* plaintiffs' briefs more permissively and to make more allowances. *AMX, Int'l, Inc.*, 7 F.3d at 75.

2006). Ford was also the plaintiff in another action, *Ford v. Medical Center of Mesquite*, No. 3:07-CV-0678-L, which was pending before Judge Lindsay and dismissed without prejudice on October, 2, 2007. In this case, Ford appears to be alleging that Judge Lindsay mishandled that case by labeling her a *pro se* litigant, and as a result, she has been coerced to practice law without a license and subjected to a foreign jurisdiction. *See* Pl.'s Compl. at ¶ 12. On February 29, 2008, this Court granted Judge Lindsay's motion to dismiss and dismissed all of Ford's claims against him. Therefore, any issues relating to Ford's notice of non-suit[2] are now moot. Hence, this Court addresses the remaining issue, Ford's motion to remand, below.

II.

Because Ford's claims against Judge Lindsay have been dismissed by this Court, the only remaining claims are Ford's state law claims against the Medical Center of Mesquite and the Texas Workforce Commission. *See* Pl.'s Compl. at ¶¶ 1-11. "Once the court has proper removal jurisdiction over a federal claim, it may exercise supplemental jurisdiction over state law claims, . . . even if it dismisses or otherwise disposes of the federal claim or claims." *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999) (citing 28 U.S.C. § 1367). "A district court may decline to exercise supplemental jurisdiction if it has dismissed all the claims over which it had original jurisdiction." *Priester v. Lowndes County*, 354 F.3d 414, 425 (5th Cir. 2004) (citing 28 U.S.C. § 1367(c)(3)). "In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction if the court has

---

2. A notice of nonsuit is "loosely the Texas analog to a federal notice of dismissal . . . ." *Sadeghian v. City of Aubrey*, Civ. Action No. 3:00-CV-2561-D, 2001 WL 215931, at *1 (N.D. Tex. March 1, 2001) (Fitzwater, J.). *See also* Fed. R. Civ. P. 41; Tex. R. Civ. P. 162. Procedural issues in this Court are governed by the federal rules.

2

dismissed all claims over which it had pendent jurisdiction." *Id*. In determining whether supplemental jurisdiction should be retained, this Court shall consider "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity." *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). District courts have wide discretion in making the determination as to whether supplemental jurisdiction should be exercised. *See Robertson v. Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir. 1998) ("[I]t is clear that a district court has wide discretion to refuse to hear a pendent state law claim.") (citing 28 U.S.C. § 1367(c)(3); *United States v. Capeletti Bros., Inc.*, 621 F.2d 1309, 1317-18 (5th Cir. 1992)). Having considered the relevant statutory provisions and factors, this Court declines to exercise supplemental jurisdiction over Ford's remaining state law claims and remands this case to the County Court at Law No. 1 of Dallas County, Texas.

III.

For the reasons stated above, Ford's motion to remand is granted. Pursuant to 28 U.S.C. § 1447, this Court remands this case to the County Court at Law No. 1 of Dallas County, Texas. The District Clerk shall effect the remand according to the usual procedure.

SO ORDERED. This 3rd day of March, 2008.

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**